IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01174-BNB

STEVEN MARK ST. JAMES,

     Applicant,

v.

ARISTEDES W. ZAVARAS, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

     Respondents.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 3 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DISMISSING CASE IN PART AND DRAWING CASE IN PART
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

I. Background

     Applicant, Steven Mark St. James, is in the custody of the Colorado Department

of Corrections and currently is incarcerated at the state correctional facility in Fort Lyon,

Colorado.  Mr. St. James, acting ***pro se***, initiated this action by filing an Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his

conviction and sentence in Case No. 1997CR03425 in the Arapahoe County District

Court.  In an order entered on June 9, 2009, Magistrate Judge Boyd N. Boland directed

Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  On July 13, 2009, Respondents filed a Pre-

Answer Response.  Mr. St. James filed a Reply on June 25, 2009, prior to Respondents

filing a Pre-Answer Response.

Upon review of the Pre-Answer Response and the Application, the Court determined that only one of the four claims Mr. St. James raised is exhausted and directed him to show cause why the Application should not be denied as a mixed petition under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), and *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).  Mr. St. James filed a Response to the Order to Show Cause on October 13, 2009.  In the Response, Mr. St. James failed to state why the Application should not be denied.  Although Mr. St. James identified and agreed to dismiss two of the claims that the Court found to be unexhausted, he failed to address all of the claims he raised in his original Application and further requested that he be allowed to include three new claims in the Application.  Because Mr. St. James' requests either to dismiss or to add claims were not clear, the Court instructed him to file an Amended Application.

On November 20, 2009, Mr. St. James filed an Amended Application that, although not submitted on a Court-approved form, states he intends to dismiss Claims One through Three in his original Application and to add new claims Claims Five and Six.  In Claim Five, Mr. St. James asserts that he did not have in his possession a developed photograph of a child engaging in explicit sexual conduct and that the film he did have in his possession did not depict a child.  In Claim Six, Mr. St. James asserts that the prosecution, during voir dire and opening statements, misled and confused the jury by implying that it is against the law to have sex with someone under the age of eighteen without indicating that the actor must be in a position of trust with the minor.

Again, the Court directed Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and

exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) with respect to the

two new claims.  Respondents filed a Second Pre-Answer Response on January 13,

2010.  Mr. St. James filed a Reply on December 23, 2009, prior to Respondents filing a

Second Pre-Answer Response.

II.  Analysis

The Court must liberally construe the two new claims that Mr. St. James asserts

in his Amended Application because he is not represented by an attorney.  ***See Haines***

***v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th

Cir. 1991).  The Court, however, should not act as an advocate for a ***pro se*** litigant.

***See Hall***, 935 F.2d at 1110.

A.  28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

>> United States is removed, if the applicant was prevented from filing by such State action;

>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral
review; or

(D)  the date on which the factual predicate of
the claim or claims presented could have been

discovered through the exercise of due
diligence.

(2)  The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

Respondents argue that Claim Six is time-barred.  Respondents contend that

because Mr. St. James' Amended Application was filed on November 20, 2009,

approximately six months after the initial Application, it is well outside the one-year

limitation period imposed under § 2255(d).  (Sec. Pre-Answer Resp. at 7.)

Respondents assert that a claim raised in an amended pleading is timely under Fed. R.

Civ. P. 15(c)(1)(B) if the claim "relates back" to the date of the filing of the original

pleading and if the amended pleading asserts a claim or defense "that arose out of the

conduct, transaction or occurrence set out—or attempted to be set out—in the original

pleading."  (*Id.* at 8.)  Respondents, relying on *Mayle v. Felix*, 545 U.S. 644, 657

(quoting *U.S. v. Hicks*. 283 F.3d 380, 388-89 (D.D.C. 2002)), further assert that the

relation back provision in Rule 15(c) is strictly construed because Congress has placed

"stringent time restrictions" on habeas applications.  (*Id.*)  Respondents conclude that

Claim Six is barred because the original Application did not present a claim even

remotely similar to Claim Six.  (*Id.* at 9-10.)

4

The Court found in the Order to Show Cause entered on September 15, 2009, that at the time Mr. St. James initiated this action on May 13, 2009, 295 days were not tolled for the purpose of § 2244(d). Mr. St. James did not file the Amended Application until November 20, 2009, which is 191 days after the instant action was filed. The fact that the instant action was pending in this Court for 190 days prior to Mr. St. James filing the Amended Application does not toll the one-year limitation period pursuant to § 2244(d)(2) with respect to Claims Five and Six. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that the statutory tolling provision in § 2244(d)(2) applies only to state proceedings). A total of 485 days count against the one-year limitation period with respect to Claims Five and Six. The claims, therefore, are time-barred unless they relate back to the claims raised in the Application that Mr. St. James submitted to this Court on May 13, 2009.

An applicant may amend a habeas corpus application, even after the expiration of the one-year limitation period, so long as the proposed amendments relate back to the timely-filed claims. *See Mayle*, 545 U.S. at 657. In order to relate back, the timely claims and the proposed amendments must be "tied to a common core of operative facts." *Id*. at 664. It is not enough that the proposed amendments merely relate to the same trial, conviction, or sentence. *Id*. at 656-64.

The Court has reviewed Mr. St. James' original pleading submitted on May 13, 2009, and finds that the supporting facts under Claim One of the original Application and the supporting facts under Claim Five in the Amended Application address the definition of sexual exploitation of a child under Colo. Rev. Stat. § 18-6-403 and

whether the photographs Mr. St. James had in his possession depicted a child.

Therefore, Claim Five relates back to the original Application and is timely.

None of the claims Mr. St. James asserted in his original Application address the issue he raises in Claim Six, . In the original Application, Mr. St. James asserted four claims, including:

> (1) Failure to prove elements of the offense;
>
> (2) Innocence because undeveloped film of a nude person found in his belongings was not his;
>
> (3) (i) Violation of speedy trial rights, (ii) No presentence investigation report provided, (iii) Sentencing judge different than trial judge, and (iv) No justification for excessive sentence/due process rights violation; and
>
> (4) Trial court allowed evidence about prior misconduct and about Mr. St. James' placement in a halfway house at the time of the trial.

In Claim Six, Mr. St. James challenges the prosecution's comments during voir dire and opening statements and the effect the comments had on the jury. Claim Six, therefore, does not relate back to the claims raised in the original Application and is time-barred. Because Claim Six clearly is time-barred, and Mr. St. James fails to assert any basis for equitable tolling, the Court will refrain from determining whether the claim is exhausted.

### B.  State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State***

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  **See** **Castille v. Peoples**, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  **See Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. **Steele v. Young**, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state

7

procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).  Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review.  *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).  The adequacy of a state procedural bar, however, is not within the state's prerogative to decide, but rather is itself a federal question.  *See Lee v. Kemna*, 534 U.S. 362, 375 (2002).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).  Mr. St. James's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default.  *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998).  An applicant, however, must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts [  ] an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89

(1986). An example of an objective impediment to compliance of a procedural rule would be the "showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable . . . ." *Id.* at 488 (internal quotation and citations omitted). Nonetheless, Mr. St. James must exhaust a procedural default claim in state courts if the procedural default is the result of ineffective assistance. *Id.* at 488-89.

A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). To establish actual innocence Mr. St. James must demonstrate that in the light of all evidence it is more likely than not that no reasonable juror would have convicted him. *Id.* The innocence claim must be factual and not legal insufficiency. *Id.*

Respondents contend that Claim Five is procedurally barred because, although Mr. St. James raised the claim in his direct appeal, he did not raise the claim as an issue of federal constitutional law. (Sec. Pre-Answer Resp. at 12.) Respondents also argue that Mr. St. James' citation to federal authority in his reply brief on appeal concerning the issue of unconstitutionally overbroad statutes does not constitute a fair presentation of any federal constitutional issue to the state court. (Sec. Pre-Answer Resp. at 12.) Respondents further argue that no state remedy remains to exhaust Claim Five as a federal constitutional question because any attempt to relitigate would be rejected as successive and an abuse of process under Colo. R. Crim. P. 35(c)(3)(VII). (*Id.*)

The United States Court of Appeals for the Tenth Circuit found that the raising of an issue in a reply brief was "too late" for the Colorado Supreme Court to consider the

issue. *See Bethurum v. Zavaras*, 2009 WL 3601242, No. 08-1267 (10th Cir. (D. Colo.)

Nov. 3, 2009) (not selected for publication) (citing *People v. Czemerynski*, 786 P.2d

1100, 1107 (Colo.1990)).  In *Czemerynski*, the Colorado Supreme Court, relying on 9

Wright and Miller, *Federal Practice and Procedure* § 3974 (1977) (issue not raised in

original brief normally not considered by court), refused to consider an argument on

appeal that was not raised at trial or in a defendant's opening brief.  *Id.* at 1107; *accord*

*People v. Salinas*, 55 P.3d 268, 270 (Colo. App. 2002) (court refused to consider issue

raised for first time in reply brief).

Upon review of the Colorado Court of Appeals' opinion addressing Mr. St.

James' challenge to the statutory definition of "sexually exploitative material," the Court

finds that the court of appeals did not address Mr. St. James' challenges to the

definition as a federal constitutional claim (Sec. Pre-Answer Resp., App. D at 3-6), and

the claim was not properly before the court of appeals, *see Czemerynski*, at 1107.

To the extent in Claim Five that Mr. James is raising a federal constitutional claim, the

claim has not been exhausted in state court.  If Mr. St. James were to return to state

court to exhaust Claim Five, the claim would be denied as successive and an abuse of

process under Rule 35(c)(3)(VII).  Therefore, it is obvious that Claim Five would be

procedurally defaulted in state court.

In his Reply, filed on December 23, 2009, Mr. St. James states that Claim Five

was presented to the state's highest court and has been exhausted.  Mr. St James

does not address procedural default and set forth any argument regarding cause and

prejudice or a fundamental miscarriage of justice.  Claim Five, therefore, is procedurally

barred from federal habeas review.

III.  Conclusion

Previously, the Court found that Claim Four is exhausted.  Respondents asserted in the first Pre-Answer Response that Claim Four is not exhausted because Mr. St. James failed to raise the first issue under Claim Four as a federal constitutional claim in his petition for certiorari review to the Colorado Supreme Court.  Respondents further asserted that Colo. App. R. 51.1(a) does not exempt Mr. St. James from having to seek review of the claim in the Colorado Supreme Court in order to have exhausted all of his state court remedies.  (*see* Pre-Answer Resp. at 14-23.)  Respondents also asserted that the second issue under Claim Four was raised in Mr. St. James' petition for certiorari review and appears to be exhausted, but the issue as asserted in the Application does not state a federal constitutional claim.  (*Id.* at 25.)

The Court finds that Colo. App. R. 51.1 is most like the Tennessee rule at issue in ***Adams v. Holland***, 330 F.3d 398 (6th Cir. 2003).  Like the Tennessee rule, the plain language of Colo. App. R. 51.1 expressly provides that it applies to "all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974." Therefore, the Court finds that Colo. App. R. 51.1 is merely a clarification of the existing law in Colorado and, as a result, the Court finds that Colo. App. R. 51.1 is retroactive to Mr. St James' direct appeal.  With respect to the substance of the second issue under Claim Four, the Court liberally construes the issue pursuant to ***Haines*** and finds the claim sufficient.  Mr. St. James, therefore, has exhausted Claim Four.  Accordingly, it is

ORDERED that the Application and Claim Four, as set forth in the original Application (Doc. No. 2), shall be drawn to a district judge and to a magistrate judge.  It is

11

FURTHER ORDERED that Claims One through Three and Claims Five and Six are dismissed for the reasons set forth above in this Order.

DATED at Denver, Colorado, this __23rd__ day of __February__, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01174-BNB

Steven Mark St. James
Reg No. 66258
Fort Lyon Corr. Facility
P.O. Box 1000
Fort Lyon, CO 81038-1000

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _2/23/10_


GREGORY C. LANGHAM, CLERK


By:_____
                  Deputy Clerk